## PLEASANT VALLEY COAL CO. v. CARBON COUNTY.

No. 5247.   Decided December 10, 1932.  (16 P. [2d] 712.)

*H. J. Binch,* of Salt Lake City, for appellant.

*Geo. R. Parker,* Attorney General, *W. A. Hilton,* Deputy Attorney General, and *W. G. Harmon,* of San Francisco, Cal., for respondent.

BATES, District Judge.

The only question to be determined in this case is whether a person can secure a refund of taxes paid by him upon lands that he has been in possession of and to which he has claimed title in fee during the taxing period, because it is finally de-

termined that the title was during the entire time in the United States. Plaintiff became the record title holder of the land through mesne conveyances from its predecessor in interest who purchased from the state of Utah prior to 1906. It was included in the lands described and referred to in the Enabling Act as passing to the state of Utah from the United States, but the Department of the Interior finally decided that title did not in fact pass from the United States because the lands were known to be valuable for mineral. From 1906 until 1927 plaintiff and its predecessors occupied, possessed, enjoyed, and claimed title to the described lands; paid taxes thereon as the owners in fee, and actively engaged in defending their title when it was questioned by the United States and until it was finally determined by the Department of the Interior that the title did not pass to the state of Utah.

Under such conditions, we think it cannot be said that the taxes levied were either erroneous or illegal. For that reason section 6043, Comp. Laws Utah 1917, upon which plaintiff relies, can have no application.

By statutory definition the term land, real estate, and real property includes possessory rights and claims. Section 5848, Comp. Laws Utah 1917. The term "real estate," as used in the chapter on taxation, includes "the possession of, claim to, ownership of, or right to, the possession of land." Section 5865, Comp. Laws Utah 1917.

During the entire time that plaintiff was paying the taxes it now seeks to have returned, it possessed the land, claimed it, and diligently maintained its right to possession, enjoyment, and ownership. If the quoted sections of our statutes are to be given any effect at all, they must be held to include such a case as this. To hold otherwise would permit plaintiff to enjoy all the advantages of property rights in the state for a quarter of a century and then exempt itself from the duty to contribute to the maintenance of government because it later developed that it did not in fact own what it had during the entire period

possessed, enjoyed, and claimed ownership of. The statute providing for a refund to taxes erroneously and illegally collected is not intended to reach such a case.

The possessory interests which private individuals may hold in the public lands of the United States for mining, agricultural, and various other purposes constitute a species of property recognized by law and which is subject to taxation by the state. 37 Cyc. 869. Although the acts of Congress granting lands to the railroads expressly except mineral lands, a railroad company is not exempt from taxation on its granted lands merely because there is a dispute as to the character of the land because its nonmineral character has not been finally settled. 37 Cyc. 872, and cases there cited.

If a railroad company is subject to taxation upon lands granted by the government pending a settlement of a dispute as to whether the lands are not mineral so as to pass under the general grant, then certainly a mining company ought not be permitted to recover taxes voluntarily paid by it during its occupancy of lands deeded to it when the question of the character of the land is finally decided adversely to the tax-paying claimant upon the theory that the taxes were illegally or erroneously assessed.

Judgment affirmed; costs to respondent.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.